UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HIFIS EDGARDO CABALLERO-
MURILLO,

          Petitioner,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT,  SECRETARY,
U.S. DEPARTMENT OF
HOMELAND SECURITY,  U.S.
ATTORNEY GENERAL, WARDEN
MATTHEW MORDANT, WARDEN
OF SOUTH FLORIDA
DETENTION CENTER;

          Respondents,

Case No. 2:26-cv-00045-KCD-DNF

## **ORDER**

Petitioner Hifis Edgardo Caballero-Murillo is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1)[1] and an emergency motion for temporary restraining order (Doc. 19). He seeks an order preventing the Government from removing him from this judicial district while his habeas petition is pending. He also asks the Court to order his immediate release. (*Id.* at 17.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Petitioner's underlying habeas petition raises several substantive arguments. But having a good argument is not alone enough for a TRO—you must also seek a remedy that the Court can give. *See, e.g.*, *Sekona v. Perez*, No. 1:19-CV-00400-JLT-HBK, 2025 WL 2140093, at *2 (E.D. Cal. July 29, 2025) ("The injunctive relief an applicant requests must relate to the claims brought in the complaint."). The fundamental stumbling block here is the relief Petitioner now requests.

First, he seeks an order ending his current detention. But that is what the underlying habeas petition also demands. "[R]elief altering the status quo rather than maintaining it is routinely denied by courts." *Goldstein v. Nat'l Collegiate Athletic Ass'n*, No. 3:25-CV-00027-TES, 2025 WL 581333, at *2

(M.D. Ga. Feb. 20, 2025); *Ludy v. Dozier*, No. 1:18-CV-165 (WLS), 2019 WL 13434824, at *1 (M.D. Ga. Oct. 25, 2019) (denying injunction where it "would alter the status quo and provide [the movant] the relief he seeks before the Court is able to adjudicate this case on the merits").

Alternatively, Petitioner seeks an order prohibiting his transfer outside this jurisdiction. To the extent this is a request to stop any future removal, the Court lacks jurisdiction to enter such relief. *See* 8 U.S.C. § 1252(g). When a claimant seeks an injunction to stay his removal, he is asking the court to do exactly what the INA forbids: interfere with the Government's decision to execute a removal order. *See Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1271 (11th Cir. 2021). "Courts across the country have thus found that they are barred from staying removal, even when the court might otherwise have jurisdiction over the [underlying] claims presented." *Edwin M.-N. v. Green*, No. CV 19-6096 (KM), 2019 WL 13299141, at *2 (D.N.J. Feb. 19, 2019); *see also Rivera-Amador v. Rhoden*, No. 3:25-CV-1460-WWB-SJH, 2025 WL 3687452, at *3 (M.D. Fla. Dec. 19, 2025); *Lopez v. Warden, Stewart Det. Ctr.*, No. 4:18-CV-134-CDL-MSH, 2018 WL 7051097, at *2 (M.D. Ga. Dec. 26, 2018).

Similarly, there is no need to prohibit his transfer within the United States because "jurisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-

3

effectuated transfer and accompanying change in physical custodian." *Villa v. Normand*, No. 5:25-CV-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025). So an order enjoining Petitioner's transfer to somewhere besides the Middle District of Florida is superfluous. We do not issue injunctions to prevent harms that legally cannot happen. *Cf. Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).

For these reasons, Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 19) is **DENIED**, and the case will proceed to a review of the merits of the habeas petition.

**ORDERED** in Fort Myers, Florida on June 28, 2026.


Kyle C. Dudek
United States District Judge

4